IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**STANTON S. HOLT,**

           **Petitioner,**

           **v.**                                **CASE NO. 14-3063-SAC**

**JAMES HEMIGARTNER, et al.,**

           **Respondents.**

**<u>MEMORANDUM AND ORDER</u>**

This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2254 by a Kansas prison inmate. Petitioner has filed a Motion for Leave to Proceed in forma pauperis together with the requisite financial information, which indicate that the motion should be granted. Having examined the materials filed together with pertinent court records, the court finds as follows.

**<u>BACKGROUND</u>**

Mr. Holt was convicted upon trial by jury in Geary County District Court, Junction City, Kansas, of numerous crimes including two counts of first degree murder, aggravated burglaries and robberies, and various other crimes. He was sentenced in April 1994 to "Life plus Life plus 123 to 355 years" in prison. He appealed directly to the Kansas Supreme Court, which affirmed in 1997.

The court takes judicial notice of its Order filed on April 23, 2004 (Doc. 3) in *Holt v. Roberts*, Case No. 04-3102-SAC (D.Kan.)(June

1

8, 2004) and the procedural history set forth therein:

> Petitioner filed a motion for post-conviction relief under K.S.A. 60-1507 on March 7, 1997. While this pre-AEDPA post-conviction motion was pending in the state courts, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See* Holt v. Hannigan, Case No. 98-3039-DES (filed February 4, 1998). The state court's denial of relief . . . became final on February 28, 1999, when the Kansas Supreme Court denied review. . . . The federal court denied petitioner's 2254 application on the merits by a memorandum and order entered on March 14, 2001. On December 10, 2001, the Tenth Circuit Court of Appeals denied petitioner's application for a certificate of appealability and dismissed petitioner's appeal.
>
> On January 28, 2002, petitioner filed a second post-conviction motion under K.S.A. 60-1507. The state district court summarily denied the motion as presenting issues similar to those raised in petitioner's earlier post-conviction motion. The Kansas Court of Appeals reviewed the three issues raised on appeal, and affirmed the state court's denial of two of petitioner's claims. The state appellate court granted relief on petitioner's third claim, vacating petitioner's conviction and sentence on a count that had been dismissed prior to trial. Holt v. State, 80 P.3d 1201 (2003)(unpublished opinion).

*Id.* at 1-2. On March 29, 2004, Mr. Holt filed his second federal habeas corpus petition (Case No. 04-3102) "raising the same three grounds asserted in his second (state) post-conviction motion." *Id.* at 1. This court cited AEDPA provision 28 U.S.C. § 2244(b)(3)(A) requiring that before a petitioner files a second and successive 2254 petition, he obtain an order from the appropriate Court of Appeals authorizing the district court to consider the application.[1] Mr. Holt was ordered to show cause why his 2004 petition should not be

---

[1] This court also found that Mr. Holt's 2004 petition appeared to be time-barred because his conviction became "final" in February 1999, and the one-year limitation period began running on that date and expired one year later. *Id.* at 4. Petitioner filed a response but did not address this finding.

2

transferred to the United States Court of Appeals as a second and successive application or dismissed as time barred.  On June 8, 2004, the matter was transferred to the Tenth Circuit for consideration of preauthorization.  On August 10, 2004, in Appellate Case No. 04-3213, the Tenth Circuit denied Holt's "petition for permission to file successive habeas petition in district court."[2]

**CLAIMS**

Petitioner alleges seven vague grounds and makes a myriad of claims that are not logically grouped thereunder.  Many if not all are claims that he has raised previously such as "no true litigation on the merits" of his claims, all his "appeals" erroneously denied, prosecutorial misconduct, "defective multiplictous (sic) complaint," double jeopardy, trial court abused its discretion in denying his motion for new trial "under DNA Forensic Testing" and based on newly discovered evidence, and ineffective assistance of court-appointed trial counsel and counsel in state collateral proceedings.

**DISCUSSION**

This action is another second and successive 2254 application filed by Mr. Holt.  As he was previously advised, 28 U.S.C. §

---

2   Petitioner's recollection that the district court's decision on his 2254 petition filed in 2004 was based on failure to exhaust state remedies is contradicted by the written opinion of this court quoted earlier herein.

2244(3)(A) requires that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

There is no indication that Mr. Holt complied with the provisions of § 2244(b)(3)(A) and moved in the Tenth Circuit Court of Appeals for an order authorizing this court to consider his successive 2254 application before he filed this action. As a result, this court lacks jurisdiction to address the merits of any § 2254 claim asserted in this Petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008); see *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

This court may transfer this action to the Tenth Circuit for prior authorization if it is in the interest of justice to do so or dismiss it for lack of jurisdiction. *In re Cline*, 531 F.3d at 1252. The court finds that the interests of justice would not be served by transfer of the instant action to the Tenth Circuit Court of Appeals and that it should be dismissed instead. The three primary considerations governing a court's decision whether to transfer or dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the federal one-year statute of limitations; and (3) whether the claim is likely to have merit. See *id.* at 1251. The first consideration does not support transfer in this case because the statutory requirement for prior authorization

4

of second or successive habeas petitions has been in effect for 18 years and Mr. Holt has previously been informed of this requirement. Thus, he cannot show that the initial filing of his petition in this court was done in good faith. See *id*. at 1252. Second, dismissal will not make it any more difficult for petitioner to comply with the applicable statute of limitations because it appears that the one-year limitations period expired over a decade ago. Finally, the fact that this case is time-barred leads the court to conclude that transfer of this action would raise "false hopes" and waste judicial resources on a case that is "clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). For the foregoing reasons, the court declines to transfer this petition to the Tenth Circuit for authorization and instead dismisses this action for lack of jurisdiction in accordance with 28 U.S.C. § 2244(b)(3).

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted, that this action is dismissed for lack of jurisdiction, and that petitioner's Motion to Appoint Counsel (Doc. 3) is denied as moot.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2014, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**